

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-18-00269-CV
_____

THREE NUNS, INC. D/B/A HEAVEN NIGHT CLUB AND CLUB SABOR,
AND TROY A. MESA, APPELLANTS

V.

JONATHAN DAVILA, INDIVIDUALLY, AND AS NEXT FRIEND OF JAYLIN DAVILA,
JONATHAN DAVILA, JR., AND JOLIJAH DAVILA AND AS REPRESENTATIVE OF
THE ESTATE OF AMANDA GONZALES DAVILA, APPELLEES

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2015-515,057; Honorable William C. Sowder, Presiding

July 31, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellants, Three Nuns, Inc. d/b/a Heaven Night Club and Club Sabor, and Troy A. Mesa, attempt to appeal from the *Final Judgment* of the trial court. Now pending before this court are *Appellants' Motion for Extension of Time to File Notice of Appeal* and *Appellees' Motion to Dismiss Appeal*. We deny Appellants' motion for extension, grant

Appellees' motion to dismiss, and dismiss the appeal for want of jurisdiction.

The trial court signed the *Final Judgment* on March 26, 2018. On April 25, 2018, Appellants timely filed a motion to set aside the judgment and motion for new trial. *See* TEX. R. CIV. P. 329b(a), (g). Accordingly, Appellants' notice of appeal was due ninety days after the judgment was signed, i.e., by June 25, 2018.[1] *See* TEX. R. APP. P. 26.1(a)(1), (a)(2) (A notice of appeal is due within ninety days after a judgment is signed if a motion for new trial or motion to modify the judgment is timely filed.). This deadline could have been extended to July 10, 2018, had Appellants filed a notice of appeal and a motion for extension of time within the fifteen-day extension period. *See* TEX. R. APP. P. 26.3, 10.5(b); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (implying a motion for extension when an appellant tenders a notice of appeal within fifteen days after the notice deadline). Appellants filed their notice of appeal on July 18, 2018. On July 23, 2018, Appellants filed a motion for extension of time, explaining that counsel inadvertently missed the notice deadline. Appellees responded and moved to dismiss the appeal for want of jurisdiction.

A timely notice of appeal is essential to invoking this court's jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt*, 959 S.W.2d at 616. Notwithstanding that the Texas Supreme Court has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of those rules; *Verburgt*, 959 S.W.2d at 616-17, we are prohibited from enlarging the time for perfecting an appeal in a civil case. *See* TEX. R.

---

[1] The ninetieth day after March 26, 2018, fell on Sunday, June 24. The notice of appeal deadline was, therefore, extended to Monday, June 25. *See* TEX. R. APP. P. 4.1(a).

APP. P. 2 (providing that we may not suspend a rule's operation or order a different procedure to alter the time for perfecting an appeal).

Because Appellants filed their notice of appeal after the fifteen-day extension period, we must deny their motion for extension. *See* TEX. R. APP. P. 26.3. And, as their notice of appeal was filed untimely, we have no discretion to permit the late notice to confer jurisdiction over this appeal. Accordingly, we grant Appellees' motion to dismiss and dismiss Appellants' purported appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).[2]

Per Curiam

---

[2] Pursuant to appellate rule 2, we dispense with the ten-day notice requirement of appellate rule 42.3. *See* TEX. R. APP. P. 2, 42.3.